IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Dominique D. Boyd, on behalf of
Himself and on behalf of all others
similarly situated,

      Plaintiff,                             CASE NO.:

vs.

Pepperidge Farm Incorporated,
and Task Management Staffing Inc.,

      Defendants.
_____/

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants, Pepperidge Farm Incorporated ("Pepperidge Farm") and Task Management Staffing Inc. ("Task Management") (collectively "Defendants"), by and through their undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, 28 U.S.C. §§ 1331, 1441, and 1446, and Local Rules of the United States District Court for the Middle District of Florida, Tampa Division, and file this, their Notice of Removal, and as grounds therefore state as follows:

**I.    INTRODUCTION**

1. On February 24, 2020, Plaintiff, Dominique D. Boyd ("Plaintiff"), filed a class action lawsuit in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, styled <u>Dominique D. Boyd, on behalf of Himself and on behalf of all others similarly situated v. Pepperidge Farm Incorporated and Task Management Staffing Inc.</u>, Case No.: 2020CA000692000000 (the "State Class Action"). A copy of the Class Action Complaint filed in the State Class Action is attached hereto as Exhibit A.

2. On March 13, 2020, Pepperidge Farm was served with a copy of Plaintiff's Class Action Complaint.

3. On March 13, 2020, Task Management was served with a copy of Plaintiff's Class Action Complaint.

4. Copies of all process, pleadings, orders and other papers of every kind served upon Defendants are attached to this Notice as Exhibit B, as required by 28 U.S.C. § 1446.

5. Plaintiff's Class Action Complaint alleges violations of the Fair Credit Reporting Act, as amended, 15 U.S.C. §§ 1681 a-x.

6. Specifically, Plaintiff alleges violations of 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3)(A).

7. The district courts of the United States have original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

8. The United States District Court for the Middle District of Florida is the federal district encompassing the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, where the state court proceeding is pending, and, therefore venue is proper pursuant to 28 U.S.C. § 1441.

9. Defendants, by filing this Notice, does not waive any jurisdictional or other defenses available to it.

## II. ALLEGATIONS IN THE CLASS ACTION COMPLAINT

10. This Fair Credit Reporting Act ("FRCA") action arises out of Plaintiff's application for employment with Defendants. Ex A. at ¶ 1.

11. Task Management is a staffing company that worked with Pepperidge Farm. Ex A. *at* ¶¶ 2-3.

12. As part of the hiring process, Defendants allegedly use "background checks" to assist in their employment of potential employees. Ex A. *at* ¶ 4.

13. Defendants use of alleged "background checks" in their decision making requires alleged compliance with the FRCA. Ex A. *at* ¶ 4.

14. In particular, the FRCA requires written disclosure of an employer's intent to obtain a consumer report for employment purposes that must be in a document consisting solely of the disclosure; requires an employer to obtain the applicant's written authorization for the consumer report after disclosing the same; and provide the applicant with the consumer report before declining, withdrawing, or terminating employment. Ex A. *at* ¶¶ 4-9.

15. Plaintiff used Task Management to obtain his January 11, 2020, employment interview for Pepperidge Farm. Ex A. *at* ¶¶ 22-23.

16. Task Management offered Plaintiff the position at Pepperidge Farm subject to the alleged completion of a "background check." Plaintiff accepted the offer and "completed the job application paper work, including documents purporting to authorize [Task Management] to procure a consumer report on Plaintiff" to be used in his hiring process and shared with Pepperidge Farm. Ex A. *at* ¶¶ 23-24.

17. Allegedly none of the materials listed above provided a standalone disclosure to Plaintiff as required by the FRCA. Rather, the disclosure document provided to Plaintiff allegedly contained extra extraneous information -- including a liability waiver—which he claims is not permitted under the FRCA. Ex A. *at* ¶¶ 25-30.

18. Task Management allegedly told Plaintiff the information on the consumer report made him illegible for employment at Pepperidge Farm; and, on January 24, 2020, Plaintiff was terminated from Pepperidge Farm and was not provided a copy of the consumer report. Ex A. *at* ¶¶ 34-35.

19. Plaintiff now brings a nationwide class claim against Defendants for allegedly failing to provide a standalone disclosure of their intent to obtain consumer reports for employment purposes in compliance with the FRCA. Ex A. *at* ¶ 10.

20. Plaintiff also brings a nationwide class claim against Defendants for allegedly failing to provide Plaintiff and other consumers against whom they took adverse employment actions with a copy of the consumer report or a summary of rights under the FCRA before taking that adverse employment action. Ex A. *at* ¶ 11.

21. Based on these allegations, Plaintiff asserts claims for violations of 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3)(A). *Id.* at pp. 15-19. Plaintiff seeks statutory damages, punitive damages, and attorneys' fees. *Id* at pp. 19-20.

22. Defendants deny all of the claims alleged by Plaintiff in the State Class Action and reserves all defenses that may be available to Defendant.

### III.   GROUNDS FOR REMOVAL

#### a.   The District Court Has Original Jurisdiction under 28 U.S.C. § 1331

23. Federal courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either the federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

24. As such, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims against Defendant that only arise under the Fair Credit Reporting Act, as amended, 15 U.S.C. §§ 1681 a-x.

25. Specifically, Plaintiff alleges violations of 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3)(A). In other words, Plaintiff has not alleged any state law claims.

## IV. CONCLUSION

26. Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, this lawsuit may be removed from Circuit Court of Polk County, Florida and brought before the United States District Court for the Middle District of Florida.

27. Defendants have met their burden of establishing the jurisdictional prerequisites of removal pursuant to 28 U.S.C. § 1441(a) by demonstrating that this Court has original federal question jurisdiction under 28 U.S.C. § 1331 over the FRCA claims.

28. As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the removal to all adverse parties in this action and to the Circuit Court in and for Polk County, Florida.

**WHEREFORE,** the State Class Action against Defendants in the Circuit Court of the Tenth Judicial Circuit in and for Polk County has been properly removed to the United States District Court for the Middle District of Florida.

Dated: April 2, 2020
      Miami, Florida

    Respectfully submitted,

    WINGET SPADAFORA
    SCHWARTZBERG, LLP
    *Attorneys for Defendants*
    14 NE 1st Avenue, Suite 600
    Miami, Florida 33132
    Telephone: (305) 830.0600
    Facsimile:  (305) 830.0601

    By:  /s/ Benjamin J. Biard
        Benjamin J. Biard
        Florida Bar No.: 0907901
        Brittany P. Borck
        Florida Bar No.: 0114047

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail to: Brandon Hill, Esq. of Wenzel Fenton Cabassa, P.A., 1110 North Florida Ave., Suite 300, Tampa, Florida 33602 at bhill@wfclaw.com; jcornelt@wfclaw.com; and rcooke@wfclaw.com on this 2nd day of April 2020.

By: __/s/ Benjamin J. Biard
      Benjamin J. Biard